# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHAEL DOUGLAS NORTH,

      Defendant-Appellant.

UNPUBLISHED
September 19, 2017

No. 332310
Oakland Circuit Court
LC No. 2015-255761-FH

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

GADOLA, J. (*concurring*).

I concur in the result reached by my colleagues. I write separately to express that I am dubious of the officer's claim that he smelled "fresh marijuana" on the driver's side window of defendant's car. This was a relatively small amount of marijuana (7.63 grams, or around one-quarter of an ounce, according to the Michigan State Police lab report). Furthermore, it was enclosed in a plastic bag on the passenger seat of defendant's car, and was covered by defendant's personal effects. Under the facts presented, this officer must possess exceptionally well-refined olfactory senses in order to have detected the odor of marijuana from the driver's side window. However, like the trial court, I am constrained to conclude that I do not possess a sufficient basis upon which to conclude that the officer was lying.[1] And while it is true that defendant produced no evidence to support that the officer was lying, it is difficult to conceive how defendant could have met that burden. Nonetheless, I concur.

/s/ Michael F. Gadola

---

[1] I disagree with my colleagues that the trial court's conclusion that it had no basis to challenge the officer's testimony is equivalent to the trial court making an affirmative finding that the officer was credible. Rather, I see this as the trial court's conclusion that the defendant failed to meet his evidentiary burden in his motion to suppress.